## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

MARVIN LEWIS                                                                                   PETITIONER

V.                                     No. 3:22-CV-92-DPM-JTR

MARTY BOYD, Sheriff,
Craighead County, Arkansas[1]                                                         RESPONDENT

## ORDER

Petitioner Marvin Lewis ("Lewis"), an inmate currently incarcerated at the Craighead County Detention Center, has filed a *pro se* 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. *Doc. 1*. The Petition was not accompanied by the filing fee or a request to proceed *in forma pauperis*.[2]

IT IS THEREFORE ORDERED THAT:

1.  The Clerk of the Court is directed to terminate the "State of Arkansas" as a respondent in this matter and update the docket sheet to show "Marty Boyd, Sheriff, Craighead County Arkansas" as the sole Respondent.

---

[1] The Petition incorrectly names the "State of Arkansas" as a respondent. *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner]"); § 2254 Rule 2(a). Because Lewis is currently incarcerated in the Craighead County Detention Center on misdemeanor convictions, the only correct Respondent in this § 2254 action is the Sheriff of Craighead County, Marty Boyd.

[2] *See* Rule 3(a), Rules Governing Section 2254 Cases in the United States District Courts (providing that a habeas petition "must be accompanied" by the applicable filing fee or a "motion for leave to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution.").

2. The Clerk of the Court is directed to send Lewis an Application to Proceed Without Prepayment of Fees and Affidavit along with a copy of this Order.

3. If Lewis wishes to continue with this action, he must, **on or before May 5, 2022**, either: (1) file the completed Application, including the Certificate of Prisoner Accounts;[3] **or** (2) pay the $5.00 filing fee, in full.[4] If Lewis fails to timely and properly comply with this Order, this habeas action may be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[5]

4. Service of the Petition is not appropriate at this time.

DATED this 5th day of April, 2022.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The Certificate must be signed by an authorized officer at the incarcerating facility.

[4] Lewis's payment must clearly indicate that it is payment of the filing fee in this action: *Lewis v. Boyd*, No. 3:22-CV-92-DPM-JTR.

[5] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas states:

> Parties appearing pro se. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(emphasis added); *see also* Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute and comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).