**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

MARVIN LEWIS                                                    PETITIONER

V.                              No. 3:22-CV-92-DPM-JTR

MARTY BOYD, Sheriff,
Craighead County, Arkansas                          RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to Chief United
States District Judge D.P. Marshall Jr. You may file written objections to all or part
of this Recommendation. If you do so, those objections must: (1) specifically explain
the factual and/or legal basis for your objection; and (2) be received by the Clerk of
this Court within fourteen (14) days of the date of this Recommendation. If you do
not file objections, Judge Marshall may adopt this Recommendation without
independently reviewing all of the evidence in the record. By not objecting, you may
also waive any right to appeal questions of fact.

### I.  Background

On October 15, 2021, Petitioner Marvin Lewis ("Lewis") was arrested for
violating a "no contact" order and second-degree assault of a household or family
member. *Doc. 15-1 at 3.*

On October 18, 2021, he appeared before the Craighead County District Court[1] and signed a waiver acknowledging that the district judge advised him of his rights, including the right to have a lawyer and, if he could not afford one, have one appointed to represent him free of cost. *Doc. 8-2*.[2] After being advised of those rights, Lewis waived his right to counsel and entered a guilty plea to the two state misdemeanor offenses. The district judge sentenced him to 365 days in the Craighead County Detention Center ("CCDC"). *Doc. 8-1 at 1*.

On October 21, 2021, Lewis completed a CCDC grievance form "requesting an appeal on [his] guilty plea and sentencing." *State v. Marvin EJ Lewis,* No. JOC-21-7516 (Craighead Co., Ark. Nov. 17, 2021).[3] The appeal request was received by the Craighead County District Court on October 25 and "appeal paperwork" was sent to Lewis on November 10. *Id.*

As part of the appeal paperwork, Lewis was provided an "Appeal Information Sheet" which informed Lewis that he had "thirty calendar days from the date of judgment," *i.e.*, until November 17, to perfect his appeal by complying with the

---

[1] Arkansas district courts have concurrent original jurisdiction with Arkansas circuit courts over state misdemeanor offenses. Ark. Code Ann. § 16-88-101(4).

[2] The Waiver, also signed by a witness, states: "This waiver is made freely, knowingly, and intelligently on my part, and I agree to proceed representing myself without the assistance of any attorney." *Doc. 8-2*.

[3] Because Arkansas state court records are publicly available on the Arkansas Judiciary's CourtConnect website: caseinfo.arcourts.gov (last visited June 16, 2022), the Court takes judicial notice of the relevant records it has accessed using that website.

procedures set out in Rule 36 of the Arkansas Rules of Criminal Procedure. *Doc. 8-1 at 2*. According to the Information Sheet, requirements to perfect his appeal included: (1) completing a Notice of Appeal, paying a $10.00 transcript fee, and obtaining a certified copy of the docket sheet from the district court; and (2) filing the Notice of Appeal and certified docket sheet with the circuit court and paying a $150.00 filing fee. *Id.* The Information Sheet cautioned that it was "for informational purposes only" and did not constitute legal advice. *Id.*

On November 17, the district court clerk's office made a note on Lewis' docket sheet: "The returned appeal paperwork was sent to the jail via email. [Lewis] returned it w/o getting a jailer to witness it." *State v. Marvin EJ Lewis,* No. JOC-21-7516 (Craighead Co., Ark. Nov. 17, 2021). On December 13, Circuit Judge Barbara Halsey conducted an "appeal review" and noted that "No appeal filed. [Lewis] remains incarcerated. No action." *Doc. 15-1 at 3*. According to the district court clerk's records, Lewis did not perfect his appeal because: "Mr. Lewis did not have his signature on the appeal paperwork witnessed, no transcript fee was paid, paperwork was not picked up, nor was it filed in Circuit." *Doc. 15-1 at 1*.

On April 4, 2022, Lewis filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and named Sheriff Marty Boyd as the Respondent. *Doc. 1*. Lewis also filed a "Motion to Vacate." *Doc. 2*. In these two documents, Boyd argues that: (1) because he received a sentence of incarceration and did not "knowingly or

intelligently" waive his right to counsel, he was entitled to be represented by an attorney in his criminal proceedings (*Doc. 1 at 2, 4; Doc. 2*); and (2) he was coerced into pleading guilty (*Doc. 1 at 2*).[4] The Court construed the Motion to Vacate to be a brief in support of the Petition and ordered that the Petition and Brief be served on Respondent Boyd. *Doc. 6*.

Lewis has also filed a Motion for Hearing on his habeas claim (*Doc. 16*) and a Motion to Appoint Counsel (*Doc. 17*).

In his Response and Supplemental Response, Boyd argues that Lewis' habeas Petition is without merit because: (1) Lewis "failed to offer any evidence that he was coerced into pleading guilty to the offenses;" and (2) he "knowing and intelligently waived his right to counsel," as evidenced by his execution of the written waiver of his right to counsel, which he signed shortly before he entered his plea of guilty to the two misdemeanor charges. *Doc. 8; Doc. 15*. Lewis filed a Reply stating that, even though he was arrested on October 15, he was still "under the influence of meth" when he appeared for court on October 18. *Doc. 13*. He argues that if he was in his "normal mindstate," he would "have refused to sign any waiver." *Id.*

---

[4] Lewis also argues that the state district court judge violated his rights under Rule 9.2(2) of the Arkansas Rules of Criminal Procedure because "[t]he Court failed to make a determination that no other condition would ensure [his] appearance in court before setting [his] appeal bond." *Doc. 1 at 3*. Because federal habeas review is "limited to deciding whether a conviction violated the Constitution, laws, or treaties *of the United States*," Lewis' allegations regarding the violation of a state procedural rule fails to state a cognizable claim under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (emphasis added).

For the reasons explained below, I recommend that the Court deny Lewis' Petition for Writ of Habeas Corpus, along with his Motion for Hearing and Motion to Appoint Counsel.

## II. Discussion

### A. Petitioner Lewis Is Not Entitled To Present Additional Evidence Or To Have Counsel Appointed In This Habeas Proceeding

Before proceeding to the merits of Lewis' habeas Petition, the Court will first consider Lewis' request for a hearing and appointed counsel.

#### 1. Lewis Is Not Entitled To An Evidentiary Hearing.

State prisoners seeking federal habeas relief must utilize "[t]he state court[s] [as] the appropriate forum for resolution of factual issues in the first instance…[because] deferral of factfinding to later federal-court proceedings can only degrade the accuracy and efficiency of judicial proceedings." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9 (1992). The Antiterrorism and Effective Death Penalty Act ("AEDPA") reinforces this point by providing that "a habeas petitioner is generally barred from receiving an evidentiary hearing unless he has been diligent in attempting to develop the factual basis of his claim in state court." *McGehee v. Norris*, 588 F.3d 1185, 1194 (8th Cir. 2009) (citing 28 U.S.C. § 2254(e)(2)); *Williams v. Taylor*, 529 U.S. 420, 434 (2000) ("[T]he opening clause of § 2254(e)(2) codifies *Keeney's* threshold standard of diligence.").

To exhaust available state court remedies, Arkansas habeas petitioners generally must file a Rule 37 Petition following their state court conviction in circuit court. *See* Ark. R. Crim. P. 37.1(a)(i). If Lewis had properly appealed his conviction and sentence to circuit court (as he was required to do to exhaust his state remedies), he would have been granted a trial *de novo*. Ark. R. Crim. P. 36.1(g). By failing to appeal his district court convictions to Craighead County Circuit Court, Lewis foreclosed the opportunity to raise and develop the facts which might support the habeas claim he is raising, *for the first time*, in this habeas action.[5]

To be able to argue that he is entitled to an evidentiary hearing in this habeas action, Lewis must establish he was *not* "at fault" in failing to perfect his appeal; or "he diligently sought, but was denied, the opportunity" to appeal his case. *Holland v. Jackson*, 542 U.S. 649, 652–53 (2004); *Smith v. Bowersox*, 311 F.3d 915, 921 (8th Cir. 2002).

---

[5] When Lewis hit this procedural "dead end," he closed off the required procedural avenue for exhausting his state court remedies. As a result, he procedurally defaulted his claims. 28 U.S.C. § 2254(b)(1)(B)(i) (excusing AEDPA's exhaustion requirement if "there is an absence of available State corrective process"); *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022) ("Under [the procedural default] doctrine, federal courts generally decline to hear any federal claim that was not presented to the state courts consistent with the State's own procedural rules." (brackets and quotation marks in original omitted)).

Because Respondent Boyd did not raise the affirmative defense of procedural default in either his Response (*Doc. 8*) or Supplemental Response (*Doc. 15*), he waived that defense. *See Robinson v. Crist*, 278 F.3d 862, 865 (8th Cir. 2002) ("[B]ecause the state failed to advance a procedural default argument, such argument is waived.").

Lewis presents two reasons for failing to perfect his appeal: (1) a $10,000 cash only supersedeas bond imposed by the district court made it impossible for him to perfect his appeal because he is indigent; and (2) employees at the CCDC "refus[ed] to provide and notarize the proper [appeal] paperwork." *Doc. 1 at 2*. There are two problems with Lewis' arguments.

First, Arkansas law did *not* require him to post a bond in order to perfect his appeal. In *Velek v. State (City of Little Rock)*, 364 Ark. 531, 222 S.W.3d 182 (2006), the Court made it clear that defendants in Lewis' situation have alternate avenues to perfect their appeal. The defendants in *Velek* sought to appeal their convictions from Little Rock District Court to Pulaski County Circuit Court. However, the district court clerk refused to provide a certified copy of the record unless the defendants paid a $500 appeal bond. Faced with the inability to file the certified court record, as required to perfect their appeal, the defendants filed an affidavit with the circuit court "asserting that the [district court] clerk refused to provide the record." *Id.* They further argued that they should not be required to post an appeal bond to vest the circuit court with jurisdiction over their appeal. *Id.* The Pulaski County Circuit Court rejected the Defendants' arguments and dismissed their appeal. The Arkansas Supreme Court reversed and held that: (1) defendants do not have to post a bond in order for circuit courts to acquire jurisdiction over appeals from district courts; and

(2) the defendants perfected their appeal by filing the affidavit with the circuit court. *Velek*, 364 Ark. at 535, 537, 222 S.W.3d at 186–87.[6]

Based on the holding in *Velek*, Lewis' inability to post a $10,000 cash only bond did *not* prevent him from perfecting his appeal. *See also* Ark. R. Crim. P. 36.1(e) ("The failure of the defendant to post a bond or other security with the district court shall not prevent the circuit court from acquiring jurisdiction of the appeal.").

Second, with regard to Lewis' argument that the CCDC failed to "provide and notarize" the necessary appeal papers, the record unquestionably establishes that Lewis received the appropriate paperwork. *See* Filing and Clerk Note, *State v. Marvin EJ Lewis,* No. JOC-21-7516 (Craighead Co., Ark. Nov. 17, 2021) (indicating paperwork was emailed to Lewis through CDCC employees and Lewis *returned* the paperwork). Thus, his only remaining argument is that CCDC employees refused to notarize his appeal paperwork.

Even if the Court takes Lewis' unsworn statement at face value, the relevant rule does *not* require his appeal papers to be notarized. *See* Ark. R. Civ. P. 36.1. Instead, it simply requires that the "defendant file[] a written request" for a certified record from the district court clerk and pay "any fees of the district court authorized by law." *Id.* In this case, that fee would have been a $10.00 transcript fee.

---

[6] Although *Velek* interpreted Arkansas District Court Rule 9, the new rule, Rule 36.1 of the Arkansas Rules of Criminal Procedure, adopted and codified the holding in *Velek*. See Reporter's Notes to Ark. R. Crim. P. 36.1.

*If* Lewis had made the written request (which was not required to be notarized) *and* paid the $10.00 transcript fee (which he also did *not* submit), the district court clerk would have been required to produce the certified court record. If the clerk refused to do so, Lewis could have filed an affidavit with the circuit court, similar to the one in *Velek*, and perfected his appeal. *See Velek*, *supra*; Ark. R. Crim P. 36.1(d) ("If the clerk of the district court does not prepare and certify a record for filing in the circuit court in a timely manner, the defendant may take an appeal by filing an affidavit…showing (i) that the defendant has requested…the record and (ii) that the clerk has not [prepared the record as requested].").

Lewis did not file an affidavit with the circuit court noting the district court clerk's refusal to provide the certified record, or otherwise made any attempts to perfect his appeal with the circuit court. In other words, it appears that Lewis simply "gave up" on perfecting his appeal.[7]

Nothing about Lewis' actions suggest that he *diligently* attempted to present or develop the evidence regarding his habeas claims in state court. Accordingly, he

---

[7] As an incarcerated *pro se* defendant, Lewis clearly faced may challenges in perfecting his appeal. However, *pro se* litigants are still required to comply with court rules, directives, and substantive law. *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005); *Lucas v. Jones*, 2012 Ark. 365, 8, 423 S.W.3d 580, 585 (2012).

is not entitled to an evidentiary hearing in this matter. Accordingly, I recommend that the Court deny his Motion for Hearing. *Doc. 16*.[8]

### 2. Lewis Is Not Entitled To Court Appointed Counsel.

Habeas petitioners do not have a constitutional right to appointed counsel, and appointment of counsel is only appropriate when "the interests of justice so require." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); 18 U.S.C. § 3006A(a)(2)(B). In exercising its discretion to appoint counsel, "the district court should consider: [1] the legal complexity of the case; [2] the factual complexity of the case; and [3] the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard*, 29 F.3d 469 at 471.

This habeas action is somewhat novel, in that Lewis is challenging the convictions he received on state misdemeanors, and he is serving his one-year sentence in a county detention center.[9] However, the legal issues themselves— voluntariness of a guilty plea and attorney waiver— are not novel. Additionally, this

---

[8] If a petitioner is at fault for failing to develop the evidence in state court, he may still be entitled to an evidentiary hearing if the stringent conditions in 18 U.S.C. § 2254(e)(2) are met. *Holland*, 542 U.S. at 652–53. Those conditions are not applicable here.

[9] The dearth of similar cases is probably explained by such claims not being susceptible to exhaustion in state court, either because the petitioner had not completed the exhaustion process when he filed his federal habeas action or because the petitioner completed service of his sentence before the federal habeas claims was decided. *See e.g.*, *Horvath v. Winter*, 4:07-CV-157-BRW (E.D. Ark. Mar. 2, 2007) (finding habeas claims were not exhausted because petitioner had appealed his district court conviction and that appeal remained pending in circuit court); *Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (Once a petitioner is released from incarceration, his habeas petition is moot unless there are "collateral consequences" of the conviction.).

case is not factually complex and the controlling case law governing Lewis' two habeas arguments is well developed and clearly established.

Finally, Lewis has sufficiently presented his claims, to the extent allowed under the AEDPA, by citing relevant case law and filing a Reply, without being prompted by the Court.

Accordingly, I recommend that the Court deny Lewis' Motion to Appoint Counsel. *Doc. 17.*

## B. Analysis of Lewis' Habeas Arguments

Lewis argues that his misdemeanor convictions for violating a "no contact order" and second-degree assault violate the United States Constitution because he did not knowingly, intelligently, or voluntarily plead guilty or waive his right to counsel before being sentenced to 365 days' incarceration. Although Lewis *admits* he waived his right to counsel *in writing, in front of a witness*, and then pled guilty to both misdemeanors, he claims that he was "under the influence of meth," at the time he signed the documents, which makes his waiver of the right to counsel and his guilty plea invalid and unconstitutional.

"[A]ny waiver of the right to counsel must be knowing, voluntary, and intelligent." *Page v. Burger*, 406 F.3d 489, 494 (8th Cir. 2005) "A waiver is valid only if the defendant is made aware of the dangers and disadvantages of self-representation at the time of the waiver, so that the record will establish that he

knows what he is doing and his choice is made with eyes open." *Id.* (internal quotation marks omitted). Likewise, "[t]o be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent." *United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999).

Considering Lewis was incarcerated for approximately *three days* before the hearing in which he waived his right to counsel and pled guilty, his entirely self-serving and uncorroborated claim that he was still under the influence of methamphetamine—so much so that he could not understand the district court's oral explanation of his rights or the written waiver and plea that he signed—is far too narrow a reed to support his habeas claim.[10]

---

[10] *See e.g., Elmore v. State*, 55 S.W.3d 424, 425–26 (Mo. Ct. App. 2001) (denying postconviction relief where movant testified that "he had used methamphetamine and cocaine a day or two prior to…his guilty plea and…that he did not remember what took place during his guilty plea and did not understand what was going on at the hearing."); *United States v. Trusdale,* 38 F. App'x 485, 486 (10th Cir. 2002) (unpublished opinion) ("Defendant's conclusory statements that he was under the influence of narcotic pain medication and, thus, was unable to enter a knowing and voluntary plea are insufficient to overcome his sworn statements in open court during the plea hearing that he was knowingly and voluntarily executing the guilty plea and waiver of rights."); *Ex parte Whistance*, No. 2-07-280-CR, 2007 WL 2891084, at *3 (Tex. App. Oct. 4, 2007) (unpublished opinion) (denying habeas relief where "[a]side from the positive urinalysis and her conclusory statement that she was under the influence of methamphetamine at the time of her plea, appellant did not explain how the mere fact that she had used methamphetamine at some time over the last several days affected the voluntariness of her plea.). *See also United States v. Swarzentruber*, 115 F. App'x 319, 320 (8th Cir. 2004) (trial court did not err in failing to order *sua sponte* competency test where defendant tested positive for methamphetamine during trial but exhibited no outward signs of impairment). *But see, Sharp v. State*, 2019 Ark. App. 506, 2–3, 16 (2019) (trial court, as the finder of fact, properly discredited expert's opinion that "[defendant] was not high on drugs at the time of the offense because [she] had used drugs three days prior to the offense and had 'slept well since her prior meth use.'"); *United States v. Kohut*, 553 F. Supp. 3d 964, 972 (D.N.M. 2021) (suggesting that, during sentencing, the Government *may* be able to show methamphetamine use was a "contributing factor" to underlying offense by showing that the

Furthermore, in evaluating the merits of this habeas claim, the Court can *only* consider the evidence in the district court record. *See e.g.*, *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (finding the Sixth Circuit committed reversable error by granting habeas relief "on the basis of evidence not properly before the state court."); *Williams v. Norris*, 576 F.3d 850, 862 (8th Cir. 2009) (declining to consider evidence not presented in state court based on the AEDPA's restrictions on evidentiary hearings). The only evidence in the record relevant to whether Lewis waived his right to counsel and entered his guilty plea "knowingly, voluntarily, and intelligently," are his *signed and witnessed* plea document (*Doc. 8-1 at 1*) and his *signed and witnessed* waiver that expressly states that he waived his rights "freely, knowingly, and intelligently." *Doc. 8-2 at 1*.

"Without an evidentiary hearing, [Lewis] does not have the evidence necessary to show" he was under the influence of the methamphetamine at the time he waived his right to counsel. *Smith v. Bowersox*, 311 F.3d 915, 922 (8th Cir. 2002).[11] He also has not and *cannot* present any evidence that would lead the Court to believe he was coerced into pleading guilty.

---

defendant used methamphetamine on the day of, or "*in the days leading up to*" the offense.(emphasis added)).

[11] The same restrictions that apply to evidentiary hearings "apply *a fortiori* when a prisoner seeks relief based on new evidence without an evidentiary hearing." *Id.* (quoting *Holland v. Jackson*, 542 U.S. 649, 653 (2004)). Accordingly, the Court may not consider *any* evidence outside the Craighead County District Court record in considering the merits of Lewis' habeas claims.

### III. Conclusion

Accordingly, because Lewis' claims fail on the merits, I recommend that the Court dismiss his habeas Petition, with prejudice.[12]

IT IS THEREFORE RECOMMENDED THAT:

1.      Lewis' Motion for Hearing (*Doc. 16*) be DENIED.

2.      Lewis' Motion for Counsel (*Doc. 17*) be DENIED.

3.      Lewis' Petition for Writ of Habeas Corpus (*Doc. 1*) be DISMISSED, with prejudice.

4.      A certificate of appealability be DENIED.

DATED, this 23rd day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[12] Although not a factor to be considered based on the procedural posture of this case, as a matter of equity, the Court notes that Lewis does not allege he is innocent of the underlying misdemeanor violations. Instead, he concedes that his "PTSD, chronic depression, and substance abuse…have placed [him] in situations that [he] regret[s]" and states that he was seeking treatment for his conditions from the V.A. immediately prior being arrested on October 15, 2021. *Doc. 18 at 1.* Instead of absolute release from incarceration, he seeks to be transferred to a "long term facility for substance abuse and mental health." *Doc. 18 at 3; see also Doc. 12* (showing Lewis' conditional acceptance into "Gideon House, A Place of Recovery for Men"). Although the Court is sympathetic to Lewis' health conditions and encourages him to continue seeking the help he requires once he is released from incarceration, his requested relief is not cognizable in a habeas proceeding.